Westheimer v. Weisman.

FERDINAND WESTHEIMER *et al.* v. J. J. WEISMAN.

**No. 370.***

INTOXICATING LIQUORS—*Interstate Commerce—Valid Act.* Paragraph 2550 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 101, § 32) is a valid police regulation. The act is not a regulation of commerce among the states simply because it may incidentally affect commerce.

Error from Leavenworth district court; ROBERT CROZIER, judge *pro tem.* Opinion filed September 17, 1898. Affirmed.

*Baker, Hook & Atwood,* and *Wm. W. Hooper,* for plaintiffs in error.

*John T. O'Keefe,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: The plaintiffs in error, Ferdinand Westheimer & Sons, conduct a wholesale liquor busi-

* Reversed by supreme court.   See 60 Kan. 753.—REP.

ness at St. Joseph, Mo. In 1893 an agent of plaintiffs in error, who resides in Missouri, came to Leavenworth, Kan., called on the defendant, solicited and secured an order from the defendant for a barrel of whisky, subject, however, to the approval of plaintiffs in error at their place of business. Thereafter the plaintiffs in error approved the order, selected the barrel of whisky from their stock, and delivered it on board the cars at St. Joseph, consigned and addressed to the defendant at Leavenworth. The railway company carried the whisky to Leavenworth, where it was delivered to the defendant, who paid the freight thereon. When the account matured the defendant refused to pay the bill, and this action was brought to recover the purchase-price of the liquor. A trial was had, which resulted in a verdict for the defendant. A motion for a new trial was filed and overruled, and the plaintiffs in error present the case to this court for review, and allege that the trial court erred : (1) In instructing the jury in the manner it did at the trial ; (2) in overruling the plaintiffs' motion for a new trial ; (3) in applying paragraph 2550 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 101, § 32) to the facts in this case. They contend that paragraph 2550 is not valid or constitutional as applied to non-resident agents of non-resident firms— that is to say, those who reside and do business outside the state of Kansas, and who solicit orders therein for the sale of intoxicating liquors—for the reason that it would be an infringement and an encroachment on the right to regulate interstate commerce, which is within the exclusive jurisdiction of congress, and that the trial court erred in holding otherwise.

The record, the assignments of error and the in-

Westheimer v. Weisman.

struction of which complaint is made present but one question, and that is on the validity of paragraph 2550 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 101, § 32). The instruction of which complaint is made reads:

"If the jury believe from the evidence that the defendant Weisman was engaged at Leavenworth, Kan., in the unlawful sale of intoxicating liquors at the time of the transaction with the plaintiffs; that the plaintiffs reside and conduct a wholesale liquor business at St. Joseph, Mo., being authorized under the laws of Missouri so to do; that the plaintiffs sent their agent, who also resided in Missouri, into Kansas to solicit orders for the sale of liquors; that the agent called upon the defendant at Leavenworth, Kan., and secured from him an order for the barrel of whisky at the price sued for, subject to the approval of the plaintiffs at St. Joseph, who thereafter approved the same in Missouri, selected the barrel of whisky from their stock there, and delivered it on board the cars at St. Joseph, Mo., addressed to the defendant at Leavenworth, and the railroad company afterward transported the same to the defendant at Leavenworth, Kan., and he paid the freight charges to the railroad company, in such case you should find for the defendant."

The instruction was given on the theory that the plaintiffs in error procured the order for the liquor and consummated the sale in violation of law, and for that reason should not be permitted to profit by such unlawful act.

Paragraph 2550, General Statutes of 1889, reads:

"Any person who shall take or receive any order for intoxicating liquors from any person in this state, other than a person authorized to sell the same as in this act provided, or any person who shall directly or indirectly contract for the sale of intoxicating liquors with any person in this state, other than a person

authorized to sell the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished therefor as provided in this act for selling intoxicating liquors.''

Under this statute both the soliciting of an order and the making of a contract of sale are misdemeanors.

The plaintiffs in error contend that this statute is either inapplicable to the case at bar, or that it is unconstitutional so far as the same prohibits the soliciting of orders by non-residents; that in this respect the act attempts to regulate or restrict interstate commerce. This contention is not tenable. The purpose of the act under consideration was to restrict the sale of liquors, and this may be lawfully done, although interstate commerce may be thereby incidentally affected. (*Missouri, Kansas & Texas Railway v. Haber*, 169 U. S. 613, 18 Sup. Ct. 488; *Plumley v. Massachusetts*, 155 U. S. 461, 473, 15 Sup. Ct. 154; *Geer v. Connecticut*, 161 U. S. 534, 16 Sup. Ct. 600.)

The plaintiffs do business in St. Joseph. Their soliciting agent is also a resident of that state. He came to Kansas and procured an order of Weisman for intoxicating liquors, and the order was transmitted to the plaintiffs for approval or rejection. The order was approved, the liquor was selected from their stock in that state, consigned to the defendant, and placed on board the cars there to be transported to his place of business at his expense. The goods were received by the defendant at his place of business in Kansas, and he paid the freight thereon. The soliciting of the order was a violation of the letter and spirit of the statute. The section under consideration is a valid police regulation, and is not an infringement on the rights of congress to regulate interstate commerce.

The judgment of the trial court is affirmed.