JOHN BANCHOR *versus* A. S. MANSEL.

Where a Judge at *Nisi Prius* certified the evidence in a case, with his rulings, as matter of law, upon the facts which he found proved, and no exceptions were taken to the rulings, the case was considered by the full Court as one presented on report.

The promisee of a note given by an inhabitant of this State for spirituous liquors sold and delivered in another State, where the sale was not illegal, who had knowledge of the purchaser's intent to sell the same here in violation of law, and did acts, beyond the mere sale, which aided the purchaser in his unlawful design, cannot legally enforce the payment of such note.

The original contract being in violation of the statute, was void; and the subsequent repeal of the statute will not render the contract valid.

ASSUMPSIT on note of defendant, dated Boston, June 13, 1857, payable to his own order for $120, in one year, and by him indorsed.

The case comes before this Court on the report of the evidence and the finding of the facts by APPLETON, J., presiding at *Nisi Prius.* No exceptions were taken to the rulings.

The defendant testified that the note was given at Alton, in the county of Penobscot, and there delivered to Bryden,

Banchor *v.* Mansel.

who was a clerk and agent of plaintiff; that the considera-
tion for the note was the bill of liquors included in the plain-
tiff's bill, and referred to in his two letters of October 25,
1852, dated at Boston. In one of the letters, plaintiff says,
" above you have a bill of goods sent by Schooner Hamlin to
Bangor, marked x x Alton. The captain will keep the goods
on board the vessel till you call for them. You will have to
manage with care. Perhaps they will have to be taken out
of the vessel in the night. I enclose another letter in case
there should be any trouble."

The second letter addressed to defendant is as follows: —
" I have put on board schooner Hamlin 7 casks liquor marked
x x Alton, which I wish you to take charge of till you re-
ceive further orders from me."

Defendant further testified that the bargain for these goods
was made at his residence in Alton, with plaintiff's agent, to
whom he gave a memorandum of what he wished sent; that
he was keeping a tavern and selling liquors without license;
had before that time purchased liquors of plaintiff's agent,
who came to Alton twice a year.

Other facts were testified to by the witness, which are sub-
stantially stated in the opinion of the Court.

Upon the evidence in the case, the presiding Judge found
that the note was made in this State; the intention of the
defendant was to purchase these liquors to be sold in viola-
tion of the laws of this State, of which intention the plaintiff
and his agent had knowledge, and sold the goods with the ex-
pectation that the defendant would sell the same in violation
of the laws of this State.

The presiding Judge ruled, as matter of law upon the facts
found, that the plaintiff was not entitled to recover.

If the ruling shall be found to be erroneous, the defendant
is to be defaulted.

The case was argued by.

*Blake & Garnsey,* for the plaintiff, and by

*J. H. Hilliard,* for the defendant.

Banchor *v.* Mansel.

The opinion of the Court was drawn up by

APPLETON, J.—This case must be considered as before us on report from the presiding justice by whom it was heard, inasmuch as no exceptions were taken to any of his rulings in matters of law. So far as relates to the questions of law arising in the cause, it is immaterial in what form they may be presented.

It is a general principle of law that the validity of a contract is to be determined by the law of the place where it is entered into. But to this rule there are exceptions. No nation is bound to enforce contracts injurious to its interests, or in fraud of its laws, though made without its jurisdiction, and valid when and where made. *Smith* v. *Godfrey,* 8 Foster, 380. The comity of nations, rightly understood, cannot violate, because it is a part of, the law of this and every other civilized country. No state can be justified in requiring its tribunals to enforce obligations which it holds to be founded in wrong, or which are made elsewhere for the express purpose of evading a prohibition decreed by the law of the country where they are to be performed. Westlake on Private International Law, § § 196, 200.

It fully appears from the facts reported that the liquors, which formed the consideration of the note in suit, were purchased with an intent on the part of the purchaser to sell them in violation of the laws of this State; that the plaintiff knew of such intentions; that he sold them to the defendant with the expectation that they would be resold by him illegally; and that they were so resold.

Assuming the sale to have been made in Massachusetts, and to have been in conformity with the laws of that State, it would seem, according to the general current of the more recent decisions, that mere knowledge on the part of the seller of the intent of the buyer to violate the laws of the place of his residence, by selling the liquors purchased contrary to their provisions, would not constitute a defence to the action in this State. *Smith* v. *Godfrey,* 8 Foster, 380;

*Tracy* v. *Talmage,* 4 Kernan, 162; *Datre* v. *Earl,* 3 Gray, 483.

In the present case, it appears from the letters of the plaintiff, that the liquors were to be kept by the master of the vessel carrying them, till called for by the defendant, and that he was cautioned against the dangers of, and advised how to avoid their seizure. The plaintiff then not merely knew that the liquors sold were purchased by the defendant to be sold by him in violation of law, but he coöperated with and aided the defendant in his efforts to evade the law and to elude the vigilance of its officers. Having done this, he asks this Court to enforce a contract made under such circumstances and for such purposes.

If goods are sold and delivered in the State where the contract is made, and the sale is there legal, and nothing remains then to be done by the vendor to complete the transaction, and his connection therewith ceases, an action may be maintained for the price, in a State where, by its laws, the sale would be prohibited. " But if," remarks EASTMAN, J., in *Smith* v. *Godfrey,* 8 Foster, 379, " it enters at all as an ingredient into the contract between the parties, that the goods shall be illegally sold; or that the seller shall do some act to assist or facilitate the illegal sale, the contract will not be enforced. Or, if the goods are sold to be delivered in the place where the sale is prohibited, the purchaser will not be held liable." In *Kreiss* v. *Selignan,* 8 Barb., 439, the Supreme Court of New York say " that where a party, who sells goods or advances money to another, with knowledge of a design on the part of the latter to put the money or goods to an unlawful use, does *any act whatever beyond the bare sale or loan,* in aid or furtherance of the unlawful object, he cannot recover." This view of the law is recognized as sound by the Supreme Court of Massachusetts, in *Datre* v. *Earl,* 3 Gray, 482. The authorities bearing upon this question were fully examined by SELDEN, J., in *Tracy* v. *Talmage,* 4 Kernan, 162, and it was there held that if the vendor, with knowledge of the intent of the purchaser to use the property purchased

for an unlawful purpose, do any thing beyond making the sale, in aid or furtherance of the unlawful design, he cannot recover. The same question came before the Court of Appeal of New York in *Curtis* v. *Leavitt*, 15 N. Y., (1 Smith,) 10, and the doctrine of *Tracy* v. *Talmage* was unanimously affirmed.

The original contract being in violation and fraud of the law as it then existed, was void. The subsequent repeal of the prohibitory laws of the State cannot restore validity to a contract void in its inception. *Hathaway* v. *Moran*, 44 Maine, 67; *Milne* v. *Haber*, 3 McLean, 212; *West* v. *Roby*, 4 N. H., 285.

"It is fit and proper," remarks RICHARDSON, C. J., in *West* v. *Roby*, "that those who make claims which rest upon violations of the law, should have no right to be assisted by a court of justice."             *Plaintiff nonsuit.*

TENNEY, C. J., and MAY, GOODENOW and DAVIS, JJ., concurred.