## FISHER & a. v. LORD.

An action cannot be maintained in the courts of this state to recover the price of intoxicating liquor sold by the plaintiff to the defendant in Massachusetts (where the sale was legal), when it appears that the plaintiff actively aided the defendant in the execution of his purpose

to keep and sell the same here in violation of law by packing it for transportation in a way to conceal the fact that the packages contained liquor.

ASSUMPSIT, to recover the price of intoxicating liquor sold in Massachusetts by the plaintiffs to the defendant. Facts found by the court.

*F. Weeks*, for the plaintiffs.

*J. H. Hobbs*, for the defendant.

BINGHAM, J. The plaintiffs reside in Massachusetts and the defendant in New Hampshire. The liquors sued for were sold in Massachusetts to be resold in New Hampshire in violation of law. The plaintiffs, to aid the defendant in the resale, and enable him to evade the law and avoid detection, agreed, as a part of their contract of sale, to pack the liquors so as to avoid suspicion; and in executing this part of the contract they concealed the liquors by sending twenty-gallon kegs in sugar barrels, and smaller kegs in boxes packed in sawdust.

The fact that the defendant was a town agent does not change the case, as he was acting outside of his agency, which was known and understood between the parties.

The mere knowledge of the unlawful intent of the defendant by the plaintiffs would not bar them from enforcing their contract to recover in our courts; yet if they in any way aid the defendant in his unlawful design to violate our laws, such participation will prevent them from maintaining an action. The participation by them must be active to some extent; they must do something in furtherance of the vendee's design to violate our laws;—but positive acts in aid of the unlawful purpose, though slight, are sufficient. No nation or state is bound to recognize or enforce contracts which are injurious to its interests, the welfare of its people, or which are in fraud or violation of its own laws. *Hill* v. *Spear*, 50 N. H. 253; *Smith* v. *Godfrey*, 28 N. H. 379, 383; *Skiff* v. *Johnson*, 57 N. H. 475; *Gaylord* v. *Soragen*, 32 Vt. 110; *Feineman* v. *Sachs*, 33 Ks. 621—*S. C.*, 52 Am. R. 547.

The plaintiffs, in effect, ask the court to aid them in collecting of the defendant pay for services tendered him in so packing and disguising the liquors forwarded to New Hampshire as to enable him to avoid and violate the laws of the state. These acts of the plaintiffs were positive, were required by the contract of sale, and bar their right to maintain this action.

*Exception overruled.*

SMITH, J., did not sit: the others concurred.