FRED MILLER BREWING COMPANY v. CHAS. DE FRANCE, Appellant.

**Intoxicating Liquors: Law of Sister State.** Where the answer in an Iowa action admits that a recovery should be had for liquors sold and delivered in Wisconsin, were it not for the laws of Iowa, the presumption is that the law of Wisconsin permitted the sale. (3)

**SAME.** Under such answer, it was proper to charge that such sale and shipment of liquor into Iowa, to be sold in original packages, was lawful. (5)

**SAME: CONTRACT WHERE MADE.** An agreement made in Iowa that beer should be shipped from Wisconsin whenever ordered by defendant in Iowa, is but a conditional agreement for future sales and does not bind defendant to order, and sale and delivery of beer in Wisconsin on orders given there, are made in Wisconsin. (6)

**Intent of Corporation: Testimony of Agent.** An agent who makes a contract for a corporation is competent to testify that in making such contract the corporation did not intend to énable the other contracting party to violate law. (2)

**Practice: Harmless Admission of Evidence.** The statement of a conclusion is not prejudicial when immediately followed by the grounds of it. (1)

**SAME: ESTOPPEL TO OBJECT.** One whose objection excludes certain testimony as immaterial can not say that its absence is a failure to prove a material fact. (4)

**SAME: ORDER OF ARGUMENT.** Where defendant files a substituted answer which puts the burden of proof on him after plaintiff has made his opening argument, it is within the discretion of the court to allow the plaintiff to close the argument. (4)

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, FEBRUARY 6, 1894.

THIS action is to recover the contract price of beer alleged to have been sold by the plaintiff, as a corporation, under the laws of Wisconsin, to the defendant, and delivered at Milwaukee, Wisconsin, for shipment to Des Moines, Iowa, for sale in original packages. There was a denial, and a counterclaim for money paid to plaintiff for beer sold to defendant in violation of the laws of Iowa. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Cole, McVey & Cheshire* for appellant.

*Read & Read* for appellee.

GRANGER, C. J.—I. E. G. Miller's testimony is by deposition, and to an interrogatory he answered as follows: "*There was no particular agreement, other than it was understood between Chas. De France and myself, acting for the company, that the beer was to be handled by him strictly in accordance with the laws of Iowa, under the so-called 'Original Package Decision,' and that he should handle it strictly in the packages in which it was delivered to him, and that he should in no manner violate any laws governing the sale of intoxicating liquors in his state.* I distinctly stated to him that our company did not want to have any trouble, and did not want to furnish beer to anybody who would be getting into trouble, and that we should deliver the beer to him on board the cars at Milwaukee. I stated to him that he must not sell by the bottle, but only by cases and kegs. He stated to me, at that time, that he had a good business, and that he would sell the beer in the packages in which he received it. This is the substance

of what was said by both of us, as near as I can now recall." There was an objection to the italicized portion of the answer, to the overruling of which the appellant complains. The complaint is that the answer states an "unwarranted conclusion," and not the facts within the knowledge of the witness. The statement as to the understanding is immediately followed by a statement of what was said by both parties, from which the understanding was deduced. The conversation admits of no other understanding than that expressed. Had the latter part of the answer alone been given, the effect, with the jury, must have been the same. Under such circumstances, there could have been no prejudice. It is a statement of a conclusion from facts that are in evidence. The question is somewhat like that in *Headley v. Hammond*, 62 Iowa, 599, 19 N. W. Rep. 794.

II.   The following is "Exhibit D" to the deposition of E. G. Miller:

"MILWAUKEE, May 7, 1890.

"Agreement between Chas. De France and Fred Miller Brewing Company.   We, the Fred Miller Brewing Company of Milwaukee, Wisconsin, do hereby appoint Mr. Chas. De France our sole agent for Des Moines, Iowa, to handle our goods in the original packages only.

"FRED MILLER BREWING COMPANY.

"By FRED A. MILLER, Secretary."

The following is part of an answer to an interrogatory by the witness: "Exhibit D" was given defendant by plaintiff, and has no relation to contract dated May 10, other than to secure to defendant the exclusive right to handle our beer at Des Moines. It was simply an undertaking on the part of plaintiff not to sell beer to any other person at Des Moines who would sell in competition to defendant." The court overruled an objection to the answer as stating a conclusion as to the intentions of the persons.   The offer of the testi-

mony by the plaintiff was on rebuttal. The defendant had before put the same in evidence, and the mere fact that it was placed there a second time would not constitute error.

III. The same witness testified that the plaintiff, in selling the beer, did not intend to furnish it to be sold in violation of the laws of Iowa. He said: "I instructed defendant to sell all liquors in accordance with the laws of Iowa. I know that no other officers of plaintiff, nor any of its authorized agents, instructed him otherwise. * * * I deny that the contract dated May 10, 1890, was made by plaintiff with the intent to enable the defendant to violate the laws or statutes of Iowa for the suppression of intemperance." The court refused to exclude this evidence, with other of like import, indicating the intent of the officers of the corporation, of which action complaint is made. It is conceded that the agents who acted in making the sales could testify as to their own intent, but the complaint is that they could not testify as to the intent of others. It is undoubtedly true that one person can not understand the mental process and conclusions of another, so as to know with what intent or purpose he acts, and likely, under many circumstances, as a witness, he would not be permitted to state as a fact, or as an opinion, such a conclusion. It is, however, true that persons who act for corporations may have such knowledge of its intentions and purposes as to be able to testify in regard to them in matters wherein such corporate intent becomes a subject of legal inquiry. Corporations can only act through agents, and it is not doubted but that intentions are as much an element in fixing their legal rights and liabilities as in cases of natural persons. If, then, in a matter wherein its intentions are important, it delegates to an agent power to act, defining to the agent its purpose, can it be said that such agent has not such knowledge of the

intent of the corporation as to be competent to give evidence of it? It is difficult to imagine a case in which the intent of the agent, if responsive to his instructions and authority, would not be that of the corporation. In a very significant sense it may be said, where the agent observes his authority, that he is the embodiment of the purposes and intentions of the corporation. When the witness stated positively that the plaintiff had no intent that, in the sale of beer, the laws of Iowa were to be violated, he could properly have been understood as stating no more than the intent of the corporation as expressed or manifested by the proper authority in the course of the transaction. Of course, such a statement by the witness is not conclusive. The further examination may develop his means of knowledge, and the ultimate fact become one for the jury. We think there was no error in the action of the court.

IV. In the deposition of Miller there was evidence to show that the sales of beer were legal in the state of Wisconsin. Defendant objected to this part of the deposition, and he says, in argument, that it "was excluded on the ground of immateriality." He now urges that there can be no recovery in this case by the plaintiff, because the laws of Wisconsin are presumed to be the same as those of Iowa, in the absence of proofs to the contrary, and hence that the sales in Wisconsin were in violation of its laws, and invalid. A conclusive answer to the appellant's petition is this: In a substituted answer he "admits that, but for the matters and things hereinafter pleaded, the plaintiff would be entitled to recover." Nothing thereinafter pleaded in any way refers to, or brings in question the laws of Wisconsin. The defense is based entirely on a violation of the laws of Iowa, but for which, it is admitted, plaintiff should recover. It may be further said that the exclusion of the testimony as immaterial,

on motion of the defendant, would preclude him from afterward taking such an advantage because of its absence.

V. Appellant urges that the court erred in not permitting him to open and close the argument to the jury. The claim of such a right is based on the fact that he filed his substituted answer, "wherein he admitted that, except for matters therein stated, plaintiff would be entitled to the sum claimed by it." It is true that the filing of this pleading so changed the issues that the burden was on the defendant. It was not filed, however, till after the opening argument was made. It was then so late in the trial that the request to open and close the argument could not be granted as to both and it is easy to understand that to then grant the right to close might be prejudicial to the plaintiff. It was certainly a matter to be controlled by the discretion of the trial court. See *Woodward v. Laverty*, 14 Iowa, 381, and *White v. Adams*, 77 Iowa, 295, 42 N. W. Rep. 199.

VI. The court instructed the jury that the plaintiff might lawfully sell and deliver to the defendant the beer, and that the defendant might lawfully buy and ship the same to Des Moines, and sell the same in the original packages. It is urged that notwithstanding the holding in *Leisy v. Hardin*, 135 U. S. 100, 10 Sup. Ct. 681, the instruction is erroneous, as contravening the rule of *Pearson v. Distillery*, 72 Iowa, 348, 34 N. W. Rep. 1, and *Kidd v. Pearson*, 128 U. S. 1, 9 Sup. Ct. 6. The application of the rule of those cases is urged on the theory that the sales were presumptively in violation of the laws of Wisconsin. As we have said, the plaintiff's right to recover, under the admissions of the answer, is in no way affected by the laws of Wisconsin.

VII. The defendant, by way of counterclaim, seeks to recover from plaintiff one thousand, three hun-

dred and fifty dollars that had been paid to plaintiff for beer under their contracts. The district court said to the jury: "The evidence shows that the liquors sold, the price of which is sought to be recovered back, were not sold to defendant in Iowa, but were sold and delivered to defendant in Milwaukee, in the state of Wisconsin." Appellant complains of the instruction, and claims that the sale was by virtue of a written contract made at Des Moines, May 16, 1890, as follows:

"DES MOINES, IOWA, May 16, 1890.

The Fred Miller Brewing Company of Milwaukee, Wisconsin, agree to deliver f. o. b. cars Milwaukee, whenever ordered by Chas. De France, of Des Moines, Iowa, beer at the following prices: Keg beer at $5.50 per bbl.; Export beer in bottles at $2.80 per case of two dry qts. each; Budweiser in bottles at $3.20 per case of two dry qts. each. Said brewing company agrees to refund $1.20 for each case and two dozen bottles, when returned. Said Chas. De France in turn agrees to pay for such ordered goods on demand of said brewing company, and also binds himself and agrees to pay, for all empty keg packages not returned, at final settlement, at the rate of $1.00 for each 1-8 keg, and $1.50 for each 1-4 keg. Said brewing company agrees to furnish said Chas. De France one light delivery wagon, which is to be returned to said brewing company when said De France ceases to handle their beer. This contract to be in force for one year from date.

"FRED MILLER BREWING COMPANY.
"By E. G. MILLER, President."

It will be seen that this agreement is not one of sale. It is but a conditional agreement as to sales in contemplation. The terms of the agreement were to become operative only if defendant ordered beer, which he was under no obligations to do. His order at Milwaukee, and the delivery of the beer there, gave rise to

the plaintiff's claim. Without the order, plaintiff would have no right of action whatever. The Iowa agreement was only as to contracts to be made and performed in Wisconsin. The evidence, in so far as it affects the question, and the contract, justify the instruction given by the court. A further criticism of the instruction is made because the jury was told that "to enable the defendant to recover back the money paid, the liquor must have been sold in violation of section 1550; and, to be sold in violation of this law, it mut have been sold *within the jurisdiction of said law, for said law has no extra territorial jurisdiction.*" The italicized words are those complained of, because they speak of the law as having jurisdiction, and it is said to be misleading. If it should be conceded that the word "jurisdiction" was technically misapplied (for certainly nothing more would be true of its use), the intended meaning of the instruction is too manifest to be misleading to any person of ordinary intelligence.

VIII. There is a claim that the evidence shows that the beer was, in fact, sold in violation of the laws of this state. We think not to the extent that we should disturb the finding of the jury on that question. The question seems to have been fairly submitted, and a finding returned favorable to plaintiff. The judgment is AFFIRMED.