## STARACE *vs.* ROSSI.

January Term, 1897.

Present: Ross, C. J., ROWELL, TYLER, MUNSON and START, JJ.

*Intoxicating Liquor—Recovery for—Wine, Intoxicating—Purchase for Lawful Use—Original Packages.*

It is unlawful to sell intoxicating liquor in this State, except as provided by statute, although the purchaser intends to make, and does make, a lawful use of it.

That wine is intoxicating is a matter of common knowledge and need not be proved.

The defendant's order having been taken in this State by the plaintiff's agent and by him transmitted to the plaintiff in New York, where it was accepted, the contract was, in part, made in this State, and therefore unenforceable.

The sale being thus unlawful was none the less so that the liquor came into this State in the original packages.

ASSUMPSIT. Heard upon an agreed statement of facts at the September Term, 1896, Washington County, *Taft,* J., presiding. Judgment for the defendant, The plaintiff excepted.

*Richard A. Hoar* for the plaintiff.

*W. A. Lord* for the defendant.

ROWELL, J. The wine for the price of which recovery is sought, was Italian wine, not made in this State, and commonly known as "sour wine." The like cannot be bought at the town agencies in this State, but only of Italian dealers, and it is used exclusively by Italians for culinary and drinking purposes; and the wine in question was bought by the defendant for those purposes, and not for sale, gift, nor distribution contrary to law, and was not thus disposed of. The order for it was taken at Barre by a broker who was plaintiff's agent in the transaction, and was sent to, and accepted by, the plaintiff in New York, where he lived.

It is unlawful to sell spirituous liquor in this State, except as provided by statute, although the purchaser intends to make, and does make, a lawful use of it. V. S. 4460. This case does not come within the exception, but on the contrary, plaintiff's agent incurred a penalty for his part in the transaction. V. S. 4505. But it is said that it does not appear that the wine was spirituous or intoxicating, as it is not so stated in the agreed facts.

There is a class of liquors that everybody knows to be intoxicating. Rum, gin, and brandy are of that class; and therefore an indictment for selling them contrary to law need not allege that they are intoxicating. *State* v. *Munger*, 15 Vt. 290. Nor need they be proved to be intoxicating. *Commonwealth* v. *Peckham*, 2 Gray 514; *Snider* v. *State*, 81 Ga. 753: 12 Am. St. Rep. 350. In *State* v. *Barron*, 37 Vt. 57, it is said that wine belongs to that class, as it is universally acknowledged to be intoxicating, and held that ale comes within the prohibition of the statute for the same reason, and that affirmative proof that it is intoxicating is not necessary. In *Wolf* v. *State*, 59 Ark. 297: 43 Am. St. Rep. 34, the court took judicial notice that wine is intoxicating, as that is a matter of common knowledge. To the same effect, see 11 Am. and Eng. Ency. of Law, 582; note to *Lanfear* v. *Mestier*, 89 Am. Dec. 694; *Jones* v. *Surprise*, 64 N. H. 243.

The statute prohibits recovery for intoxicating liquor or the value thereof, except such as is sold or purchased in accordance with its provisions. V. S. 4464. But it is claimed that the contract for this liquor was made in New York, and that therefore recovery can be had. The answer to this is, that the contract was in part, at least, made in this State, and that prevents recovery as effectually as though it had been wholly made here. *Backman* v. *Wright*, 27 Vt. 187; *Backman* v. *Mussey*, 31 Vt. 547.

But, it is said, if this is so, still it must be taken from the agreed facts that the wine came here in original packages,

and therefore could lawfully be sold here. This contention has no force in view of the Act of Congress of August 8, 1890, which provides that all fermented, distilled, or other intoxicating liquors or liquids transported into any state or territory or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such state or territory be subject to the operation and effect of the laws of such state or territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquors or liquids had been produced in such state or territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise. Sts. 1st Session 55th Congress, 1889–1890, chap. 728.

After the passage of this Act, to remove all doubt about the validity of our statutes theretofore enacted relating to intoxicating liquors or liquids as applied to such liquors or liquids when brought into the State in certain circumstances, and to the end that the due administration of justice should not be thereby hindered, delayed, nor thwarted, the Legislature re-enacted all of those statutes that had not been repealed. Acts of 1890, No. 40. But such re-enactment was not necessary. *In re Rahrer*, 140 U. S. 545, 562.

*Judgment affirmed.*