## BEVERWICK BREWING CO. *vs.* JOHN N. OLIVER.

January Term, 1897.

Present: Ross, C. J., TAFT, TYLER, MUNSON and START, JJ.

*Liquor Contract Made Partly within this State—V. S. 4460, 4464.*

The plaintiff's manager, while in Vermont, arranged with the defendant to send him in a particular manner such intoxicating liquor as he might order, such arrangement constituting a material part of the contract when the order was sent to and accepted by the plaintiff in New York, where the liquor was delivered. *Held*, that the contract was unenforceable as having been made partly within this State.

ASSUMPSIT for the price of lager beer. Plea, the general issue. Trial by jury at the March Term, 1896, Chittenden County, *Rowell*, J., presiding. Verdict directed and judgment rendered for the defendant. The plaintiff excepted.

The deposition of the plaintiff's manager was, in part, to the effect that he understood from the defendant that the lager was to be used by the latter only for legitimate purposes, in the manufacture of a light hop beer, and that the arrangement was that it should be shipped under the

direction (L. W.) to save the defendant "the necessity of going into court and satisfying it that such lager was intended for a legal use."

*D. J. Foster* for the plaintiff.

Each order constituted a separate sale and the case is controlled by *Backman* v. *Mussey*, 31 Vt. 547.

*R. E. Brown* for the defendant.

The contract was made partly within this State and is illegal. V. S. 4464; *Backman* v. *Wright*, 27 Vt. 187; *Territt* v. *Bartlett*, 21 Vt. 184.

The plaintiff having knowingly done something to shield the defendant from investigation by the authorities, cannot recover. *Gaylord* v. *Soragen*, 32 Vt. 110; *Aiken* v. *Blaisdell*, 41 Vt. 655.

MUNSON, J. The manager of the plaintiff corporation deposes that the lager beer for which recovery is sought was sold and delivered to the defendant in Albany, New York, on orders received there from time to time by letter or telegram. But it further appears from his deposition that before any order was sent he had a conversation with the defendant at Burlington, in this State, in regard to orders which might thereafter be given; and the deposition seems fairly to mean, and is construed by counsel to mean, that the orders in question were sent pursuant to what was then said. In that conversation, although no order was given or promised, the defendant arranged to have whatever he might order shipped in a particular manner. This distinguishes the case from *Backman* v. *Mussey*, 31 Vt. 547. It is apparent that the orders afterwards sent and accepted did not embrace the whole agreement; for if they had been filled in disregard of the understanding had at Burlington, the defendant could have relied upon that as a part of the contract. See *Hobart* v. *Young*, 63 Vt. 363. It appears then from the plaintiff's own testimony that the contract was partly made in this State. It was therefore unenforce-

able, and the court properly directed a verdict for the defendant. V. S. 4460, 4464. *Backman* v. *Wright*, 27 Vt. 187; *Starace* v. *Rossi*, 69 Vt. 303.

*Judgment affirmed.*