Westheimer v. Weisman.

---

FERDINAND WESTHEIMER *et al.* v. J. J. WEISMAN.

**No. 11307.**

INTOXICATING LIQUORS—*Action for Price—Sale in Missouri.* The agent for a firm of wholesale liquor merchants in Missouri took an order from a customer in Leavenworth, Kan., for a barrel of whisky. The order was conditional on its acceptance by the sellers in Missouri. On its receipt there it was accepted, and the liquor delivered to a common carrier, addressed to the purchaser at Leavenworth, who paid the freight, and received it at the latter place. The purchaser intended to sell the liquor in violation of the laws of Kansas. *Held*, that, while the agent was amenable to the penalties of section 32, chapter 101, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2550), for taking the order, the sale having been actually made in Missouri, the case is within the rule in *Feineman v. Sachs*, 33 Kan. 621, 7 Pac. 222, and *Distilling Co. v. Nutt*, 34 Kan. 724, 10 Pac. 163, and a recovery for the purchase-price of the whisky may be had in our courts.

48—60 KAN.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed July 8, 1899. Reversed.

*John H. Atwood*, and *W. W. Hooper*, for plaintiffs in error.

*Jno. T. O'Keefe*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Ferdinand Westheimer & Sons conducted a wholesale liquor business at St. Joseph, in the state of Missouri, and were authorized under the laws of that state to sell intoxicating liquors. In 1893 their agent and traveling salesman, who was a resident of Missouri, came to Kansas and solicited an order from the defendant in error at Leavenworth for a barrel of whisky, subject, however, to the approval of the plaintiffs in error at their place of business in Missouri. After the receipt of the order the latter approved the same, selected a barrel of whisky from their stock, delivered it on board cars at St. Joseph, Mo., consigned and addressed to the defendant at Leavenworth. The same was carried by rail to the latter place, where the defendant paid the freight, and the liquor was delivered to him by the common carrier. The defendant refused to pay for the whisky, and an action was brought in the court below to recover the price thereof. The evidence introduced by the defendant tended to prove that he purchased the liquor for the purpose of reselling it unlawfully in Kansas. Upon these facts the trial court gave the jury the following instruction:

"If the jury believe from the evidence that the defendant Weisman was engaged at Leavenworth, Kan., in the unlawful sale of intoxicating liquors at

the time of the transaction with the plaintiffs; that the plaintiffs reside and conduct a wholesale liquor business at St. Joseph, Mo., being authorized under the laws of Missouri so to do; that the plaintiffs sent their agent, who also resided in Missouri, into Kansas to solicit orders for the sale of liquors; that the agent called upon the defendant at Leavenworth, Kan., and secured from him an order for a barrel of whisky at the price sued for, subject to the approval of the plaintiffs at St. Joseph, who thereafter approved the same in Missouri, selected the barrel of whisky from their stock there, and delivered it on board the cars at St. Joseph, Mo., addressed to the defendant at Leavenworth, and the railroad company afterward transported the same to defendant at Leavenworth, Kan., and he paid the freight charges to the railroad company, in such case you should find for the defendant.''

There was a verdict and judgment for the defendant. Plaintiffs below prosecuted proceedings in error to the court of appeals, where the judgment was affirmed. (8 Kan. App.——, 54 Pac. 332.)

As a part of the instructions, the trial court read to the jury section 32, chapter 101, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2550), which reads:

''Any person who shall take or receive any order for intoxicating liquors from any person in this state, other than a person authorized to sell the same, as in this act provided, or any person who shall directly or indirectly contract for the sale of intoxicating liquors with any person in this state, other than a person authorized to sell the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished therefor as provided in this act for selling intoxicating liquors.''

The plaintiffs in error devote almost their entire brief to a discussion of the constitutionality of said section 32 so far as it relates to non-residents making

sales in Kansas, in that it infringes upon the right of congress to regulate interstate commerce. It is not necessary, however, in view of the former decisions of this court, to enter upon a discussion of that question. It was held in *Distilling Co. v. Nutt*, 34 Kan. 724, 10 Pac. 163, that a sale of intoxicating liquor by a citizen of another state in the state of Kansas was lawful to the extent that a recovery for the purchase-price of the liquor might be had from the purchaser, although the liquor was purchased for the purpose of unlawfully selling the same in this state, provided that the seller in no manner participated in the unlawful purpose and did not derive any benefit from any of the illegal acts perpetrated or intended to be perpetrated by the purchaser in this state. Again, in *Feineman v. Sachs*, 33 Kan. 621, 7 Pac. 222, it was held to be not enough that the seller knew that the purchaser had sold liquors in violation of law and that his intention was to dispose of those purchased in the same way, that mere knowledge of an illegal purpose of the buyer is not sufficient to invalidate a sale made in Missouri, and that in order to render the sale void and defeat a recovery of the purchase-price there must be some participation or interest of the seller in the act itself.

The penalty of section 32 above quoted is inflicted upon the very person who takes or receives an order from any person in this state not authorized to sell liquor, and hence the agent receiving an order for whisky here would be amenable to the penalties of the law. But it would be beyond the power of the legislature to make persons not within the state subject to arrest and conviction by any acts done in the matter of sales of intoxicating liquors. Weisman, the purchaser, was not *particeps criminis* with the agent. (*The State v. Cullins*, 53 Kan. 100, 36 Pac. 56.) The

statute can only apply to acts done here.  If the defendant in error had gone to St. Joseph, Mo., and bought the whisky, having it shipped to himself at Leavenworth, it could not be claimed that the seller had violated any statute of Kansas, and the manner of its purchase through an agent in legal effect was the same as if Weisman had gone to St. Joseph and bought there.  Nor was the order given by Weisman to the agent different in effect from a purchase made by letter written at Leavenworth by the defendant and mailed to Westheimer & Sons, at St. Joseph, who, on receipt of the same, approved and accepted the order and shipped the goods.  The agent made no sale, and could only be liable under the statute for the taking of an order for intoxicating liquor.  The statute operating only on the agent cannot prejudice the rights of Westheimer & Sons, who made the sale in another state.  The agent did no more than make an offer of sale subject to the approval of his house.  The final acceptance of the order and the consummation of the sale occurred in Missouri, where such sales were lawful.  Being lawful there, a recovery of the price of the whisky can be had in our courts.  Section 32 of the statute having no extraterritorial force, the case at bar falls within the rule of *Feineman v. Sachs* and *Distilling Co. v. Nutt*, supra.

The judgments of the court of appeals and of the district court are reversed and a new trial ordered.