### Nelson Bacon *v.* F. W. Hunt & Co.

October Term, 1899.

Present : ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed January 12, 1900.

*Intoxicating liquor—Res judicata*—In a previous action between the same parties a certain contract for liquors was found to have been made in Boston and not in Burlington, the place of the making of the contract being in that case the material question. Certain items sued for in this action being conceded to be for liquors purchased under the same contract, the place of the contract was, as to those items, *res judicata.*

*Questions of fact for the jury*—In this action, which was to recover back money paid for intoxicating liquor, an examination of the evidence shows that there was clearly a question of fact as to whether the contract was made wholly in Massachusetts, or partly in this state, and the determination of that question was, therefore, properly left to the jury.

Assumpsit. Plea, general issue. Trial by jury. Chittenden County, March Term, 1899, *Taft*, J., presiding. Verdict and judgment for the defendants. The plaintiff excepted.

The case is stated in the opinion.

*Hamilton S. Peck* for the plaintiff.

*Seneca Haselton* and *D. J. Foster* for the defendants.

TYLER, J. Action, general assumpsit, to recover certain sums of money which the plaintiff had paid the defendants, who were wholesale liquor dealers in Boston, Mass., for intoxicating liquors purchased of them, as he claimed, in violation of the laws of this state. He claimed that all such purchases made in the years 1893 and 1894 were under a contract made by him with their agent in Burlington in April, 1893, while the defendants insisted that all the purchases were pursuant to an agreement made by them with the plaintiff in Boston in January of that year.

1. An action was tried between these parties at the September term, 1897, of the Chittenden County Court, in which the defendants were plaintiffs and recovered of the defendant, who is plaintiff here, the purchase price of certain liquors sold and delivered to him. The material question there was whether the contract upon which those liquors were purchased was made in Burlington, or in Boston, and the jury found that it was made in Boston. The plaintiff conceded upon the trial in the present case that the last six items of his specification were payments for liquors purchased under the contract that was in controversy in the former suit and adjudged to have been made in Boston; therefore the court below correctly held that that question was *res judicata*.

II. The defendants' evidence tended to show that the plaintiff was at their store in Boston in January, 1893; that they then gave him the price per gallon of a certain brand of whiskey and of a certain brand of rum, and that it was agreed that he might at any time order these liquors on four months credit; that on

May 3, 1893, the plaintiff sent them a letter directing them to ship to him a barrel of whiskey and a barrel of rum of the respective brands, which letter the defendants received in Boston, and pursuant thereto, forwarded the liquors to the plaintiff in Burlington.

On April 6, 1893, the defendants' agent was at the plaintiff's drug store in Burlington and took his order for a quantity of ale, and another order for a barrel of whiskey and a barrel of rum of those brands. The latter order seems to have been given orally, was written and signed by the agent and was sent to the defendants in Boston, with a memorandum upon it to hold for the plaintiff's order. The defendants filed it and put it away without entering it upon their books. On May 3rd the plaintiff sent the defendants the letter above referred to, as he claimed, in accordance with the order given to the agent. The defendants shipped the liquors pursuant to the directions in the letter, but, as they claimed and as their evidence tended to show, in pursuance of the agreement which they claimed to have made with the plaintiff in Boston.

The plaintiff denied making an agreement in Boston, but admitted that the defendants gave him prices of liquors and that he told them they might "lay out" a certain barrel of whiskey for him.

Upon this evidence the court could not hold as a matter of law that the contract was made in this state.

It was a controverted question whether the plaintiff's letter was written pursuant to an agreement made in Boston, or pursuant to his order given to the agent in Burlington. The facts that the defendants' agent called upon the plaintiff in Burlington, on April 6, took the order from him for the whiskey and rum, and sent it to the defendants with the memorandum upon it did not necessarily change the arrangement which the defendants claimed was made in Boston in January, but it may have been pursuant to it.

There was clearly a question of fact whether the contract was made in the state of Massachusetts, or partly in this state so as to fall within the rule in *Starace* v. *Rossi*, 69 Vt. 303, and in *Berwick Brewing Co.* v. *Oliver*, 69 Vt. 323. The ruling was correct and the

*Judgment is affirmed.*