FRED J. TABER *vs.* R. C. BARTON et als.

Knox.    Opinion August 4, 1911.

*Evidence.    Intoxicating Liquors.    Sale of Liquor.    Recovery of Price.    Pleading Statute.    Revised Statutes, chapter 29, section 64.*

1. The evidence is plenary that the intoxicating liquors whose price is sought to be recovered in this case were intended, when purchased out of the State, for unlawful sale in this State.

2. When intoxicating liquors are purchased by the steward of a club for a club, and are sold by him to the members, such sales are unlawful.

3. Revised Statutes, chapter 29, section 64, provides that "no action shall be maintained" upon any claim or demand contracted for any intoxicating liquors purchased out of the State with intention to sell the same or any part thereof in violation of the laws of this State. This statute affords a perfect defense in this suit.

4. Revised Statutes, chapter 29, section 64, is a police regulation, and was not enacted for the benefit of purchasers of intoxicating liquors. A defense based upon this statute need not be specially pleaded by way of brief statement, or otherwise.

5. Under Revised Statutes, chapter 29, section 64, forbidding any action for the price of liquors purchased out of the State for sale in violation of law, recovery is barred whether the seller knew the purchaser's intention, or not.

On motion by defendants.    Sustained.

Assumpsit on an account annexed to recover $363.60 for intoxicating liquors alleged to have been sold by the plaintiff's assignor in Boston to the defendant Barton and forty others alleged to be "copartners doing business under the firm name and style of THE 1908 CLUB of Belfast." Plea, the general issue, with brief statement as follows: "That they were never in partnership, nor were they or any of them at the time this cause of action is alleged to have accrued, co-partners nor was any one of the defendants declared against a member of such partnership.

"And further the plaintiff in this action was himself a member of the said '1908' Club." Verdict for plaintiff for $360.60. Defendants filed a general motion for a new trial.

The case is stated in the opinion.

*Alan L. Bird, and Rodney I. Thompson,* for plaintiff.

*Arthur Ritchie,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

SAVAGE, J.    This is an action to recover for the price of intoxicating liquors sold by the plaintiff's assignor in Boston to "The 1908 Club of Belfast," of which club, it is claimed that the defendants were members. The verdict was for the plaintiff, and the case comes before us on a motion for a new trial. Several reasons are offered why the verdict was wrong, of which we shall notice but one.

The evidence leads us to observe that it might be difficult to determine whether "The 1908 Club" was a drinking club, pure and simple, or a saloon run under the guise of a club name. But it matters not which it was. The evidence is plenary that the liquors whose price is sought to be recovered now were intended, when pur-

chased, for unlawful sale in this State. If it was a real club, the liquors were ordered by their steward for the club, and sold by him to the members. Such sales were unlawful.

This case then comes within the terms of R. S., ch. 29, sect. 64, which provides that "no action shall be maintained upon any claim or demand, promissory note or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the State with intention to sell the same or any part thereof in violation thereof." Recovery is barred, whether the seller knew or did not know of the purchaser's intention. *McGlinchy* v. *Winchell*, 63 Maine, 31 ; *Meservey* v. *Gray*, 55 Maine, 540 ; *Pollard* v. *Allen*, 96 Maine, 455.

But the plaintiff says that this defense is not now open to the defendants, because the point was not made at the trial in the court at nisi prius ; and because the statute was not specially pleaded, or set up by way of brief statement.

Whether or not this defense was offered below, the record before us does not show affirmatively, as it should do, if the defendants are to be precluded by it.

And we think it is not necessary to plead the statute referred to specially in defense of an action for the recovery of the purchase price of intoxicating liquors intended for unlawful sale. It is true that the phraseology of this statute is not unlike that of the general statute of limitations, which this court holds, must be pleaded specially. But it must be remembered that this statute was not designed, like the statute of limitations, as a statute of repose, nor to afford protection against stale claims. Under such a statute, if one sued neglects to claim for himself the benefit of the statute no one else can complain. And to promote the orderly course of trials in court, and to simplify the issues to be tried, it is wise and salutary to require that such special defenses shall be specially pleaded.

But the statute we are now considering is a police regulation. It was not enacted for the benefit of the parties, nor for simplifying litigation, nor for narrowing issues, nor for giving notice of intended defenses. It was enacted for the assumed good of the public. Its sole purpose is to aid in the prohibition of the unlawful

traffic in intoxicating liquors in this State.  It is one of the provisions for the enforcement of the prohibitory liquor law.  The court has no right to disregard its mandatory provisions, when they are called to its attention.  Neglect to plead the statute does not change its prohibitive character.  Considering the character  and the purpose of this statute, we think the situation is such that one who sues for the price of intoxicating liquor in this State must come into court prepared to meet the defense afforded by the statute, whether it is pleaded or not.

*Motion for a new trial sustained.*