# SIOUX FALLS BREWING & MALTING COMPANY v. J. H. KITTERMAN.[1]

December 8, 1911.

Nos. 17,355—(201).

**Action for price of goods — exclusion of evidence — directed verdict.**

> Action for goods sold. Defense, that the goods were intoxicating liquors, and were sold to the defendant to be sold by him at retail without a license therefor. Some of the goods were sold to the defendant under the designation of "Hop Tea," and the balance as "Blue Label." *Held,* construing the answer, that the trial court erred in excluding evidence tending to show that both were one and the same thing, lager beer; also, in directing a verdict for the plaintiff.

Action in the district court for Rock county to recover $517.90 for goods sold and delivered. The case was tried before Nelson, J., who directed a verdict in favor of plaintiff for $477.23. From an order setting aside the verdict and granting a new trial, plaintiff appealed. Affirmed.

*C. H. Christopherson, C. A. Christopherson,* and *Charles P. Bates,* for appellant.

*E. H. Canfield,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Rock granting a new trial on the ground that the court erred in excluding material evidence and in instructing the jury to find a verdict for the plaintiff, for the reason that the evidence was sufficient to require the submission to the jury of the question whether the plaintiff aided the defendant in the unlawful sale of the goods in question (intoxicating liquors). The contention of the appellant is to the effect that the trial court did not err in either respect. The determination of the merits of this contention depends largely upon the construction of the answer.

[1] Reported in 133 N. W. 468.

The complaint alleged that defendant was indebted to the plaintiff in the sum of $517.90 for goods sold and delivered to the defendant between January 1, 1906, and October 1, 1909, but does not indicate in any manner the character of the goods.

The answer denied, except as therein admitted, the allegations of the complaint, and alleged, so far as here material, that the plaintiff at the times stated in the complaint was manufacturing and selling lager beer and other intoxicating beverages; that the defendant was then residing and doing business at Steen, Minnesota, but at no time did he have a license for the sale of intoxicating liquors, which was at all times well known to the plaintiff; that the plaintiff requested, advised, and encouraged the defendant to engage in the sale at retail in Steen of a beverage called "Hop Tea," manufactured and sold by the plaintiff; that upon plaintiff's assurance that it was not intoxicating, and could be legally sold without a license, he purchased "said Hop Tea" of the plaintiff from time to time between June 28, 1902, and April, 1909, and did sell the same at retail without a license, relying on plaintiff's representations that it was not intoxicating; that the goods sold and delivered by plaintiff to defendant mentioned in the plaintiff's complaint are the same so-called "Hop Tea" herein mentioned; that all of said "Hop Tea" was simply ordinary lager beer, which fact was at all times well known by the plaintiff; and, further, that such acts and representations of the plaintiff were done and made for the purpose of obtaining a market for, and effecting sales of, intoxicating liquor without a license, and to evade and violate the license laws of this state regulating the sale of intoxicating liquor, and also to aid the defendant in so doing.

The answer, literally construed, charges that the goods, for the purchase price of which the plaintiff seeks to recover, were ordinary lager beer, which was called "Hop Tea." It follows that, if any of the lager beer so sold was labeled some other name than "Hop Tea," it would not change its character, and if the answer be true the subject-matter of all of the sales by the plaintiff to the defendant was lager beer. The plaintiff on the trial introduced a bill of particulars showing that between June 22, 1902, and August 22, 1909, it sold to the defendant goods aggregating $12,918.85; that for the first two

years the goods were charged as "Hop Tea," for the next two years on some dates they were charged as "Hop Tea" and on other dates as "Blue Label;" and thereafter exclusively as "Blue Label." Payments were made for the goods from time to time, amount to $12,-400.95, leaving a balance of $517.90, which, applying the payments in the order in which the sales were made, would represent the amount due for "Blue Label."

The defendant attempted to show on the trial in effect that "Hop Tea" and "Blue Label" were the same thing, lager beer; that the label "Hop Tea" was a device resorted to for the purpose of concealing the real character of the sales; and that all of the sales were for lager beer. The trial court excluded all the evidence relevant to these matters and directed a verdict for the plaintiff. It is obvious from the record that the trial court was of the opinion that the defendant under the answer could not show that any sale was for lager beer unless it was sold as "Hop Tea," and that in this view the court was mistaken; therefore it was error to exclude the evidence and direct a verdict for the plaintiff. It follows that a new trial was rightly granted.

Order affirmed.