[Civil No. 2515.  Filed January 30, 1928.]

[263 Pac. 626.]

CERVECERIA CUAUHTEMOC, S. A., Appellant, v. SONORA BANK & TRUST COMPANY, Appellee.

Messrs. Noon & Noon, for Appellant.

Messrs. Duffy & Robins, for Appellee.

ROSS, C. J.—This is an appeal from an order sustaining a demurrer to plaintiff's complaint and from a judgment of dismissal.

The cause of action is for the purchase price of beer sold by plaintiff from its brewery at Monterey, Mexico, to the Compania Commercial de Sonora y Sinaloa, S. A., doing business at Nogales, state of Sonora, Republic of Mexico, and consigned to defendant at Nogales, Mexico, upon the agreement with defendant that defendant should retain possession of the beer until the purchaser should pay for same for plaintiff's account. It is alleged that defendant violated its agreement by delivering beer to the purchaser without collecting the purchase price, amounting to $9,101.25.

The defendant, Sonora Bank & Trust Company, has its principal place of business at Nogales, Arizona.

The demurrer was sustained on the ground that the consideration for the indebtednes was illegal, and therefore not collectible in the courts of this state. This holding was upon the theory that, since the sale of intoxicating liquors is prohibited both by the United States and the state, their courts would not accept jurisdiction of a suit to collect the purchase price of the beer, even though the contract was made and wholly performed in a country where it was lawful to sell beer. Since the ruling on the demurrer, this court, in *Veytia* v. *Alvarez*, 30 Ariz. 316, 49 A. L. R. 994, 247 Pac. 117, has held to the contrary, and we are satisfied that the law as declared in that case is correct. Although we are urged by appellee to reconsider that opinion, we see no sufficient reason for so doing. We do not think that it has ever been the policy of the courts to require the validity of a contract to be tested by the laws of the forum before taking or accepting jurisdiction for its enforcement or for its breach, if valid as tested by the laws of the country where made, and not inherently vicious, wicked, immoral or so pernicious and detestable as to shock the prevailing moral sense of our people.

Before we had national prohibition, those states of the Union that had prohibitory laws did not refuse access to their courts to enforce contracts for the price of liquors, when such contracts were valid in the state where made.

In *Westheimer* v. *Weisman*, 60 Kan. 753, 57 Pac. 969, the contract sued on was made in Missouri, and the court said:

"The final acceptance of the order and the consummation of the sale occurred in Missouri, where such sales were lawful. Being lawful there, a recovery of the price of the whisky can be had in our courts."

The author of the article "Intoxicating Liquors" in 33 C. J. 662, § 353, states the general rule as follows:

"A contract made in one state for the sale of liquors to be delivered in another state, such as would be valid at common law, and which is not shown to be invalid where made, will enable the seller to maintain an action for the price in the state where the delivery is made, notwithstanding, if made in the latter state, the contract would have been void."

As indicated in the Veytia case, to uphold the contention of the defendant would in effect make our state an asylum for dishonest debtors, and be a standing invitation to such, after assuming obligations in Mexico perfectly legal under its laws, to move into Arizona and secure absolution.

Defendant further claims that the demurrer was properly sustained on the grounds: (1) That the complaint failed to state a cause of action; and (2) that it failed to show that plaintiff had legal capacity to sue. These grounds are urged because the complaint failed to allege corporate capacity or legal existence. The case is entitled "Cerveceria Cuauhtemoc, S. A., Plaintiff." Translated, as we understand it, this means the "Cuauhtemoc Brewery, a corporation." The letters S. A. are abbreviations of Sociedad Anonima, and under the Mexican law mean the same as our word "corporation." While it would have been better form to have alleged in the body of the complaint that the plaintiff was a corporation, we do not think the failure to do so can be raised by demurrer. The courts seem to be divided as to whether or not the absence of an allegation of a legal existence of a plaintiff can be raised by demurrer. The majority view seems to be that it is not necessary to plead corporate existence. In 7 R. C. L. 697, § 700, it is said:

"The prevailing view is that in an action by a corporation in its corporate name, it is not necessary to allege in the declaration or complaint that the plaintiff is a corporation, and the same rule applies where a corporation comes in by way of a cross-petition.

Similarly, according to the prevailing view, in an action against a corporation, if it is sued by its corporate name, the fact that the defendant is a corporation need not be expressly alleged."

Among the courts holding that such allegation is not necessary are those of California and New York, whose governing statutes are very similar to our own. *Los Angeles Ry. Co.* v. *Davis,* 146 Cal. 179, 106 Am. St. Rep. 20, 79 Pac. 865; *Phoenix Bank* v. *Donnell,* 40 N. Y. 410.

At most, we think the failure to allege legal existence is a defect in the pleadings that can in nowise affect the substantial rights of the parties. Par. 423, Civ. Code. If it be a fact that plaintiff has no legal existence, the defendant can raise it by his answer. The absence of an allegation of legal existence is not an admission of incapacity to sue. Cases *supra.*

It is next contended by defendant that the demurrer was properly sustained on the ground that the action appears to be barred by the statute of limitations. It is said that the action sounds in tort, and, under subdivision 3 of paragraph 710, Civil Code, was barred in two years. We think the cause of action stated in the complaint is based upon contract. It sets out the agreement between the plaintiff and defendant, and alleges its breach. It is not a tort action, but one for the failure to keep and perform an agreement.

For the reasons given, we are satisfied the court erred in sustaining the demurrer and in dismissing the action.

The judgment is reversed, and the cause remanded, with directions that the action be reinstated and the demurrer overruled.

LOCKWOOD and McALISTER, JJ., concur.