## KIRKHAM v. B. F. FULLERTON & SON.

No. 1695.    Opinion Filed March 19, 1912.

(122 Pac. 652.)

1.    **SALES—Passing of Title.** Where it is apparent that it is the intention of the vendor to transfer the title, and of the vendee to accept it, a sale of personal property may be complete, although the thing sold remains to be delivered and weighed to ascertain the exact amount of the price to be paid.

2.    **SAME—Intent of Parties—Question for Jury.** Where the language of a written contract of sale of personal property is ambiguous, and the meaning not entirely clear, held that the question of the intention of the parties at the time of making the contract as to the passing of title is a material one, and, where the evidence is conflicting, should be submitted to the jury.

(Syllabus by Brewer, C.)

*Error from Dewey County Court;*
*S. M. Byers, Judge.*

Action by B. F. Fullerton & Son against H. F. Kirkham. Judgment for plaintiff, and defendant brings error. Affirmed. ·

*Hickok & Myers,* for plaintiff in error.

*Adams & Smith* and *C. K. Cary,* for defendant in error.

Opinion by BREWER, C. This is a suit in replevin for thirteen bales of broom corn. The defendant in error, B. F. Fullerton & Son, was plaintiff below, and plaintiff in error, H. F. Kirkham, was defendant below. The parties will be called hereafter as they were known in the trial court. The suit was commenced October 23, 1909, in the county court of Dewey county by the filing of a petition, affidavit, and bond in replevin in the usual form. The answer was a general denial. There was taken under the writ and delivered to the plaintiff thirteen bales of broom corn. The suit was based upon, and title to the property claimed, under a written contract between the parties, which is as follows:

"Sept. 19, 1909. B. F. Fullerton & Son, Fairview, Okla.—I have this day sold to B. F. Fullerton & Son all broom corn, about thirty bales, more or less, as follows: Straight, sound brush. Bales at $115.00 per ton. To be delivered in good condition, f. o. b. at Canton, on October 1, 1909. Said broom corn to be well cured and well seeded. To be well baled with five wires around each bale and four end tie wires. It is further agreed that no loose fiber, trash, seed or scrapings from seed pile shall be put in any of these bales. And in case any is found concealed in the bales, I agree to reimburse the purchaser on presentation of proof of such claim. The above described broom corn is all of my crop, is free from all incumbrance whatever and is owned exclusively by me_____, on which representation I herewith accept and acknowledge receipt of ($50.00) dollars, as part payment on this contract, balance to be paid on delivery of entire crop. [Signed] H. F. Kirkham."

It appears that on the date of the contract the plaintiff went to the home of the defendant to negotiate for, and buy, defendant's crop of broom corn; that the broom corn had been cut and was all properly ricked up in the usual manner of handling such crops; that the parties went to and inspected the crop, and estimated that it would make about 30 bales; that after some dickering the price was agreed upon, the written contract prepared and signed by the defendant, and $50 paid on the purchase price; that afterwards the defendant delivered ten bales of corn, and stated that he only had four more bales to deliver, and that constituted

all of his crop. He delivered the other four bales, receiving the contract price. He refused to deliver the thirteen bales in controversy after demand, and such refusal resulted in this suit. Before suit was tried, the plaintiff, having weighed the thirteen bales taken under the writ, deposited in court the full price for the corn under the terms of the written contract. The cause was tried to a jury, and, while the jury was deliberating, the defendant requested that the money paid into court be immediately paid over to him. This was denied by the court until the jury brought in its verdict. The jury later brought in a verdict in favor of plaintiff for the possession of the corn and for $1 damages. After the verdict had been received, the defendant again demanded the value of the corn as paid into court, his motion was granted, and the money was then and there paid over to him. At the trial the defendant based his defense upon the claim that, before he made the contract of sale of the corn, he had given one-half of it to his grown daughter, who had assisted in cutting the crop; that, therefore, when he sold the crop to defendant, he only owned one-half of it; and that the delivery of fourteen bales fulfilled his contract. The defendant did not seriously contend that he had not sold all the broom corn he owned to the plaintiff. The jury does not appear to have given much weight to the defendant's defense that he had given one-half of a valuable crop to a member of his family for superintending the gathering of same, and, having read the record carefully, we fully agree with the jury.

The questions presented by defendant here are alleged errors of the court: (1) In overruling the demurrer to the evidence. (2) Refusing to direct a verdict for defendant. (3) Giving certain instructions. (4) Refusing to give certain instructions. All of these questions depend on one; that is, whether the court ought, as a matter of law, to have declared the written contract of sale executory only, not passing title. Upon this contention the demurrer to the evidence was interposed, and the request for an instructed verdict made. The instructions objected to were ones submitting to the jury the question of the intention of the parties as to the passing of title, same to be determined from the lan-

guage of the contract, the facts and circumstances surrounding the parties at the time, together with the conduct and statements of the parties at the time of the transaction, etc. In construing contracts for the sale of personal property, we think the court in *Ober et al. v. Carson,* 62 Mo. 209, has stated the correct rule, thus:

"Where anything remains to be done between the seller and the purchaser, before the goods are to be delivered, as separating the specific quantity sold from a large mass, or identifying them when mixed with others, a present right of property does not vest in the purchaser. But when a mere operation of weight, measurement, counting, or the like remains to be performed after the goods are actually delivered, and it is shown that it was the intention of the parties to complete the sale by delivery, such weighing, measuring, or counting will not be regarded as a part of the contract of sale, but will be considered as referring to the adjustment on a final settlement. In such case it is to be ascertained whether the acts and negotiations of the contracting parties show the intention of the seller to relinquish all further claim as owner, and that of the buyer to assume such control with all liabilities."

In contracts of this nature, when the dispute is between the parties to it, and no rights of other persons are involved, the question of the intention of the parties, as to whether title to the property passed at the time of making the contract, is often a controlling one, and is ordinarily a question for the jury. *Haines v. McKinnon,* 35 Ore. 573, 57 Pac. 903; *Sewell v. Eaton,* 6 Wis. 490, 70 Am. Dec. 471; *Barber v. Thomas,* 66 Kan. 463, 71 Pac. 845; *Rosenthal v. Kahn,* 19 Ore. 571, 24 Pac. 991; *Ober v. Carson,* 62 Mo. 213; *Fletcher v. Ingram,* 46 Wis. 191, 50 N. W. 424; *Memory v. Niepert,* 131 Ill. 623, 23 N. E. 431; *Bill v. Fuller,* 146 Cal. 50, 79 Pac. 592. No rights are involved here, except those of the parties to the contract. Under the terms of the contract, the situation and character of the property, the conduct and statements of the parties, together with the circumstances and evidence in the case, we have no doubt but that the verdict of the jury was based on ample evidence, and that the instructions given were, upon the whole, substantially

correct, and that the result was in every way just. The fact that the defendant, after verdict, demanded and received from the court the full value of the property replevined, measured by the contract, which the defendant admits executing, thus leaving nothing here involved except costs and the one dollar awarded as damages, justifies us fully in refraining from an extended discussion of the various contentions made in the case. The defendant sold his corn and has been paid every dollar of the purchase price, and ought to be satisfied. This court ought not to be, and is not required, to make a lengthy and expensive investigation of questions, when for any reason they have become merely academic.

Finding no substantial error in the record, and believing that the result reached was a just one, the judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.