## MOODY et al. v. THOMPSON.

No. 7953—Opinion Filed June 12, 1917.

(166 Pac. 96.)

1. Factors—Action for Balance—Set-Off of Damages.

In November, 1913, T. shipped cotton to M. & Co., cotton factors, at Galveston, Tex., to be sold on the markets of said city, receiving an advance of $5,000 on cotton so shipped. M. & Co. were to be allowed certain compensation for handling and selling the cotton, storage and fire insurance charges and interest on money advanced. On January 28, 1914, T. ordered M. & Co. to sell the cotton. M. & Co. neglected to do so until February 4, 1914, when they sold all but 3 bales, and afterwards on May 8, 1914, sold the 3 bales. The cotton market declined from January 28, 1914. There was evidence to show that if the cotton had been sold on the Galveston market on the day T. ordered it to be sold the same would have brought sufficient sum to reimburse M. & Co. for amount advanced and pay all interest and other charges due to M. & Co., leaving T. a profit. Held, in an action by M. & Co. for alleged balance due on advances made, T. in a cross-action may offset the claim of M. & Co. and recover such damages as the evidence shows resulted to him from the failure of M. & Co. to sell the cotton as directed.

2. Same—Action for Advances—Instructions.

Instructions in the instant case examined, and no prejudicial error found therein.

(Syllabus by Stewart, C.)

Error from County Court, Cotton County; J. C. Norman, Judge.

Action by W. L. Moody and W. L. Moody, Jr., copartners as W. L. Moody & Co., against A. W. Thompson, with cross-action by defendant. Judgment for defendant, motion for new trial overruled, and plaintiffs bring error. Affirmed.

I. K. Revelle, for plaintiffs in error.

Amil H. Japp and E. F. Hook, for defendant in error.

Opinion by STEWART, C. The parties in this action will be referred to as plaintiffs and defendant, as they were in the court below.

Judgment was rendered for plaintiffs in a justice court in Cotton county, and defendant appealed to the county court. The plaintiffs alleged in their bill of particulars that the defendant was indebted to them in the sum of $194.50, balance due for money had and received from plaintiffs, with interest thereon from November 15, 1913, and defendant filed answer, generally denying each and every allegation in the bill of particulars contained, and also set forth a cause of action against the plaintiffs on a counterclaim alleging that, as growing out of the transaction sued upon by plaintiffs, defendant on November 1, 1913, shipped to plaintiffs at Galveston, Tex., 100 bales of cotton to be handled and sold by the plaintiffs as cotton factors, and that because of the failure of plaintiffs to sell said cotton as instructed at the time ordered by the defendant, damages were sustained by defendant in the sum of $740.08 in addition to any sum owing by the defendant to plaintiffs. Defendant remitted all of said excess damages, except the sum of $200, and asked that plaintiffs take nothing by reason of their suit, and that the defendant have judgment against the plaintiffs for $200 and costs. On trial being had in the county court the jury rendered a verdict in favor of the defendant as prayed for, and judgment was rendered accordingly. Plaintiffs duly filed motion for new trial, which was overruled, with exceptions, and plaintiffs appealed to this court.

Plaintiffs urge as error on the part of the trial court: First, the overruling of the demurrer to counterclaim of defendant; second, error of the court in instructions given to the jury; third, error of the court in refusing to give instructions offered by plaintiffs, and, fourth, error of the court in excluding from the evidence the freight bill of the cotton involved.

The demurrer filed by plaintiffs to the cross-bill of the defendant was general. We have examined the cross-bill, and find that the same fairly states a cause of action and is good as against the general demurrer.

In order to better discuss the further errors assigned we call attention to some of the most important facts shown by the evidence:

The plaintiffs were cotton factors, doing business in the city of Galveston, state of Texas. In November, 1913, the defendant consigned to the plaintiffs 100 bales of cotton to be handled by the plaintiffs as cotton factors, and sold on the markets at Galveston. The plaintiffs were to be allowed certain compensation for the handling of the cotton, for storage, for fire insurance, and for interest on money advanced. The plaintiffs advanced to the defendant the sum of $5,000 on the cotton shipped, and made certain other advances by way of paying for freight and fire insurance. On January 28, 1914, the defendant wired the plaintiffs to sell the 100 bales of cotton; the plaintiffs admitting the due receipt of such telegram. Plaintiffs did not sell said cotton on January 28, 1914, as requested, but sold 97 bales of the same on February 4, 1914. The plaintiffs, not replying to the telegram ordering the sale of said cotton, on February 3, 1914, the defendant wired plaintiffs, asking whether or not the cotton was sold and at what price. On February 4, 1914, the plaintiffs wired to defendant that such cotton was sold at 12% basis middling. It appears, however, that only 97 bales of the cotton was sold on February 4th, and plaintiffs kept the remaining 3 bales until May 8, 1914, when same was sold. The plaintiffs rendered statement to the defendant, making charges for interest, insurance, storage, commission and money advanced, claiming a balance due of $194.50. The defendant immediately objected to paying said alleged balance and claimed damages against the plaintiffs because of the failure of plaintiffs to sell the cotton as directed. The evidence introduced by defendant shows that if the cotton had been sold on the market at Galveston on January 28, 1914, as directed, a greater price could have been received than was received for same; that the cotton market steadily declined from January 28th to February 4th. The evidence tended to show that if the cotton had been sold on the day requested by defendant, the cotton would have brought a sufficient sum to have paid the plaintiffs the whole amount due at that time, and would have afforded a profit to the defendant of more than the sum recovered by defendant in the trial court. The evidence fairly supports the verdict of the jury.

The plaintiffs urge as error the giving of the following instructions by the court to the jury:

(1) "You are instructed that when a factor receives and accepts cotton to be sold by said factor for his principal at a certain market, he is bound by the instruction of his principal as to the time of sale, and if said factor fails to follow the instruction given

by the principal, then the factor is liable to his principal for any damages sustained by his principal, by reason of said failure by said factor to obey and sell according to the instruction of his principal."

(2) "You are instructed that when a factor is instructed by his principal to sell, the factor is required to sell immediately, and, failing to effect said sale, said factor is required to notify his principal and ask for further instruction."

(3) "You are instructed that a factor who advances an amount of money to his principal upon cotton consigned to said factor has a lien upon said cotton to the amount advanced, together with interest and expenses of handling said cotton."

(4) "You are instructed that if you believe from the evidence in this case that plaintiff factors advanced $5,000 on said 100 bales of cotton to A. M. Thompson, the defendant, then plaintiffs had a right to protect their lien, and for that purpose to refuse to sell on the instructions of the principal; provided the sale at said time would have caused plaintiffs to lose its lien or any part thereof, but if the sale had been made according to the instructions of the defendant and by reason of said sale, the plaintiffs would not have lost its lien, or any part thereof, then the plaintiffs were bound to sell said cotton according to the instructions of the defendant, and upon failure so to do the plaintiffs became liable to the defendant by reason of said failure to sell according to instructions, and you should so find."

(5) "If you believe from all the evidence that plaintiffs would have sustained a loss on their lien, or any part thereof, by following the instructions of the defendant to sell on January 28, 1914, and that plaintiffs after refusing to so sell used due diligence to obtain the highest market value for said cotton, and used due diligence to protect its own rights and the rights of the defendant, A. M. Thompson, in making the sale after the 28th day of January, 1914, and that they did obtain the best market value for said cotton and rendered a true and correct account to the said A. M. Thompson, then you should find for the plaintiffs in such sum as you believe from the evidence that he is entitled to."

We have examined each of the instructions complained of separately, and in connection with each other, and, taking them as a whole, we do not find any prejudicial error therein. While some paragraphs of the instructions singled out might be slightly objectionable, yet, considered in connection with each other, we believe that the plaintiffs have had the benefit of instructions fairly covering the law of this case as applied to the facts in

evidence. We have examined all the authorities cited by the plaintiffs and do not think that, under such authorities, the court committed prejudicial error in the giving of instructions.

But the plaintiffs urge error of the court in refusing to give the following instructions requested by plaintiffs:

(1) "That if the cotton was consigned without any instructions as to the price to be obtained, the factor may sell it whenever in the exercise of sound discretion he deems it best to sell."

(2) "A factor who has advanced money on the consignment is not bound to obey the instructions to sell, but may exercise his own discretion."

The first requested instruction is not applicable to the facts, and would not properly state the law of this case. The defendant, under the admitted facts, gave instruction to the plaintiffs to sell. It is true that no instructions were given when the cotton was first shipped, but it cannot be laid down as a general proposition that when definite instructions are given a factor to sell at any given time, the factor may disregard such instructions and exercise his own discretion.

Nor can it be said that, as applied to the facts in this case, there was error in refusing to give the second requested instruction. Merely because a factor had advanced money on a consignment does not authorize him to totally disregard the instructions of his principal. We believe that paragraphs 4 and 5 above quoted of the general instructions fairly charge the law with reference to the rights and duties of the factor under the facts in this case. There was no error of the court in refusing to give the instructions requested.

The remaining assignment urged is that the court erred in refusing to permit the introduction in evidence of papers, which counsel for plaintiffs stated were freight bills and receipts. We do not find that there was any preliminary testimony showing the admissibility of such papers; nor were they identified in any manner. In our opinion the receipted freight bills would be secondary evidence, and not admissible under the record in this case.

Having disposed of all assignments urged, and finding no prejudicial error, the judgment of the trial court is affirmed.

By the Court: It is so ordered.