RIALTO MINING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48692, 56877. Promulgated March 25, 1932.

*Thomas F. Carey, C. P. A.,* for the petitioner.
*Frank B. Schlosser, Esq.,* for the respondent.

983

OPINION.

Lansdon: In the original petition it is alleged that the respondent erroneously disallowed as ordinary and necessary expenses certain expenditures incurred for drilling in the years 1926 and 1927 in the respective amounts of $2,782.75 and $291.50. This allegation of error was abandoned at the hearing and accordingly the determination of the respondent is affirmed. Petitioner offered no evidence in support of its allegation at Docket No. 48692 that the cost of ores in transit at the close of 1925 was erroneously understated in the amount of $21,354.75 and now agrees that such cost was $37,683.38. An allegation at Docket No. 56877 that petitioner's income from sales for the year 1927 was improperly increased was abandoned. The allegations of error as to cost of depreciable property have been settled by stipulation and the agreed facts are set out in our findings of fact above. The controversy over the application of the net loss provision of the Revenue Act of 1926 in computing the petitioner's tax liability for 1927 is automatically decided by our conclusions in respect of the alleged errors discussed and decided hereinafter.

In respect of the petitioner's claim for depletion and depreciation deductions not allowed by the respondent, two questions are involved, viz., (1) whether discovery value allowed a predecessor corporation is the proper basis for determining depletion for the petitioner in the taxable years, and (2) whether under the facts herein petitioner is entitled to the return of its capital investment through depletion and depreciation, free from tax, at June 12, 1927. The first question requires little discussion. The Oklahoma corporation made the discovery of ore in commercial quantities prior to

January 1, 1926, when the property in question was acquired by the petitioner, which has made no discovery and therefore may not claim depletion on a value to which only the actual discoverer, its predecessor, was entitled under the law. The petitioner's only basis for this claim is that the reorganization was no more than a change of name and that the two corporations were practically identical. This may be true, but the fact remains that there were two corporate entities, the second replacing the first for some reason that must have been advantageous to the interests in control, and we can not disregard this situation and permit a corporation that has risked nothing in exploring for mineral to enjoy the benefits of a statutory provision enacted for the benefit of actual discoverers.

*Boucher-Cortright Coal Co.*, 7 B. T. A. 1; *Darby-Lynde Co.*, 20 B. T. A. 522; affd., 51 Fed. (2d) 32.

The petitioner's second contention as to depletion, which also applies to depreciation, is that it was entitled to recover its entire capital investment free from tax not later than June 12, 1927, when the last of the three leases under which the mining property in question was operated as a unit expired. There was no renewal clause in either of the leases, nor any extensions by written or oral agreement. The petitioner, however, continued to operate the property until December 31, 1928, the last date here involved, and derived substantial income therefrom in the latter half of 1927 and in 1928. The respondent has allowed deductions for depreciation and depletion ratably over the period from January, 1926, to December 31, 1928, that have returned the entire capital of the petitioner as of the former date plus additions thereto made before the latter, and both dates are within the time covered by this appeal. If the petitioner's contention as to this issue is in conformity with law, its income for the period from January 1, 1926, to June 12, 1927, should be decreased by the amount of its undepleted and undepreciated investment at the later date plus capital addition, if any, made prior to the former, and its income from June 12, 1927, to December 31, 1928, is not subject to any deduction for depletion and depreciation unless additional capital costs were incurred in that period.

It is now well settled that the capital cost of a leasehold is deductible ratably over the term thereof. *Duffy* v. *Central R. R. Co. of New Jersey*, 268 U. S. 55; *Newmarket Co.*, 2 B. T. A. 537; *Opperman Coal Co.*, 6 B. T. A. 1215. The fact that the lessee remained in possession and operated the property after the lease expired is not material. It was there from June 12, 1927, to December 31, 1928, either as a trespasser or on sufferance and was entitled to all income from operation in that period, subject to an accounting to the owner of the lease for rents or royalties, but owned no interest subject

to depletion or depreciation. *Eugene C. Eppley*, 25 B. T. A. 300. Even if continued possession and operation as a trespasser or by consent effected an implied renewal of the lease, as contended by the respondent, the situation is not changed. Where a lease contains a renewal clause its capital must nevertheless be amortized over the original term. *Lenox Land Co.*, 5 B. T. A. 1206; *Allen W. Hinkel Dry Goods Co.*, 10 B. T. A. 228. If the lease is renewed the date of renewal marks the beginning of a new period of amortization which from that time must be computed under the terms of the renewed lease on facts in existence at or after its renewal. *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381. On this question the determination of the respondent is reversed.

In respect of the sales of ore made in December, 1925, for which payment was made in 1926, the petitioner contends that title passed to the purchaser at the date of the sale. The facts show that ores were sold f. o. b. the petitioner's bins. The purchaser took possession, loaded out the ore and thereafter was the owner. All the evidence indicates that the parties intended a sale at the time a basic price was agreed to between vendor and vendee. Where there is actual delivery this is sufficient to effect transfer of title. *Barde Steel Products Corporation* v. *Commissioner*, 40 Fed. (2d) 412; *Amalgamated Sugar Co.*, 4 B. T. A. 568; see also *Adams-Roth Baking Co.*, 8 B. T. A. 458; *White Oak Transportation Co.*, 24 B. T. A. 307. The fact that the basic price might later be adjusted to conform to assays of the ore is not controlling. *Kirkham* v. *Fullerton & Son*, 32 Okla. 461; 122 Pac. 652. The petitioner was on the accrual basis. The ores in question were sold and delivered in 1925 and the income derived therefrom is taxable in that year. The amount of $71,140.25 was not income in 1926 and should be deducted from the gross income of the petitioner for that year as determined by the respondent. It follows also that the cost of producing such ore allowed in 1926 in the amount of $37,683.38 must be added back to income in that year, with the result that the petitioner's taxable income for 1926 is reduced by the amount of $33,456.87.

In 1927 petitioner expended $24,930.01 for exploration and development on certain mineral claims in Arizona which it alleges were held under lease with an option to purchase. The option agreement is not in evidence, but Hull, president of the petitioner and owner of the claims, testified that he gave the petitioner an option to purchase at any time before November 15, 1927, and received therefor $100,000 in cash, with the understanding that the petitioner would pay him an additional amount of $200,000 as and when it exercised the option. The petitioner discovered no mineral on the claims, but after December 15, 1927, continued to explore and develop the prop-

erty, and for that purpose expended some $15,000 in 1928. We conclude, upon the meager facts that have been entrusted to us, that the expenditures here involved were made in connection with the survey and exploration of mining property which the petitioner owned or expected to own and that they were of a capital nature and not deductible from income in the taxable year. *Seletha O. Thompson*, 9 B. T. A. 1342; *Jefferson Gas Coal Co.*, 16 B. T. A. 1135.

Upon the record it is clear that petitioner's loss in 1926, if any, was sustained in the operation of a business regularly carried on. If the recomputation required by our conclusions above indicate a net loss in 1926, the amount thereof should be applied to the reduction of its tax liability in 1927, under the provisions of section 206 of the Revenue Act of 1926.

*Decision will be entered under Rule 50.*