## JACKSON, HUNTER & GOULD COAL CO. v. HOLTON.

No. 29982.  Nov. 4, 1941.

*118 P. 2d 1018.*

A. E. White, of Poteau, for plaintiff in error.

C. C. Williams and A. G. Windham, both of Poteau, for defendant in error.

GIBSON, J. This appeal involves the rights of an intervening claimant and the chattel mortgagee in a replevin action instituted by the latter against the mortgagor and one in actual possession of the property.

The subject of the action was a number of cars of coal in possession of a railroad company, a defendant below. The intervener claimed title by purchase from the mortgagor or, in the alternative, possession as the mortgagor's factor by reason of its status as consignee under bills of lading issued by the railroad. Plaintiff obtained possession of the coal under the writ and disposed of the same. The intervener sought damages from the plaintiff for conversion. Verdict and judgment were for plaintiff mortgagee, and the intervener appeals.

Plaintiff admits that the property was in custodia legis, and that his act in disposing of the same constituted conversion (Federal National Bank of Shawnee v. Lindsey, 172 Okla. 30, 43 P. 2d 1036). And he does not deny that his lien was thereby extinguished (sec. 10956, O. S. 1931, 42 Okla. Stat. Ann. § 22; Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194).

Intervener says that, according to the uncontradicted evidence, it was in possession of the coal as consignee under the bills of lading, and that it was either the owner thereof as purchaser from the mortgagor or was the mortgagor's factor in possession.

But the evidence was conflicting on the issues of possession and ownership. While the bills of lading amounted to prima facie evidence of intervener's ownership (9 Am. Jur. 674, § 414), and their delivery to intervener constituted delivery of the property in the absence of contrary agreement or intention (Pabst Brewing Co. v. Smith, 39 Okla. 403, 135 P. 381), there was evidence on the part of the plaintiff that the mortgagor had not sold the coal to intervener and had not authorized the issuance and delivery of the bills of lading. In the last-cited case this court held as follows:

"Ordinarily, a delivery of merchandise to a carrier is a delivery to the consignee, unless there be an agreement to the contrary, or circumstances showing the intention of the parties to be otherwise."

There was evidence here. to the contrary.

Intervener charges error in certain instructions given by the court, and error in refusing certain requested instructions.

As stated above, intervener's theory was that it held possession of the coal under the bills of lading either as owner or as factor. And there was ample evidence that it did have possession either as purchaser or factor. It had advanced to the mortgagor a certain sum on the coal. This was not disputed, but possession was disputed in that the general manager of the mortgagor company testified that the issuance of the bills of lading was unauthorized.

The trial court's instructions would have permitted recovery on either the issue of ownership or of principal and factor. If the intervener was the owner, its recovery should be the value of the coal; if a factor, it held a lien to the amount of its cash advances at least. Moody v. Thompson, 65 Okla. 262, 166 P. 96.

But the intervener insists that the instructions were incomplete and not sufficiently informative to permit a clear understanding thereof on the part of the jury.

The instruction on the issue of purchase by the intervener merely informed the jury that if they found from a preponderance of the evidence that the intervener was the owner of the coal

at the time of the conversion it could recover the value of the coal, etc. While the instruction was correct as an abstract statement of the law, nowhere was the jury guided in any manner as to the elements to be considered in determining whether there was a sale of the coal by the mortgagor to the intervener. Nothing was said concerning the intention of the parties or the effect of delivery or nondelivery of the coal with reference to a completion of the sale. Without instruction as to the elements of a sale the jury would be left to determine merely the legal question as to whether a sale occurred.

Intention of the parties and delivery of the property in such case play an important part in the matter of determining whether there was a sale. Without instruction on these elements the jury could do no more than hazard a guess as to the results of the acts of the parties. Here the question of delivery of the property was contested, and the jury may well have become impressed with the belief that delivery was necessary to completion of the alleged sale, yet it is not necessary. The rule expressed in Kirkham v. B. F. Fullerton & Son, 32 Okla. 461, 122 P. 652, is important here. It reads as follows:

"Where it is apparent that it is the intention of the vendor to transfer the title, and of the vendee to accept it, a sale of personal property may be complete, although the thing sold remains to be delivered and weighed to ascertain the exact amount of the price to be paid."

The intervener objected to the above instruction and requested in its stead the following:

"If you find by a preponderance of the evidence that there was an intention on the part of the Sally Mack Coal Company to transfer the title to seven cars of coal described in plaintiff's petition, and an intention of the Jackson Hunter and Gould Coal Company to accept the title, then as a matter of law there was a sale of said property, although the things sold remain to be delivered and weighed to ascertain the exact amount of the price to be paid.

"In this connection you are instructed that whether or not there was a sale is to be determined by the intention of the parties as to the passing of title from all the facts and circumstances surrounding the parties at the time, together with the conduct and statements of the parties at the time of the transaction."

The requested instruction was the proper one under the facts and circumstances of the case, and refusal thereof constituted error.

Intervener complains of other instructions, but they will not be considered, since the cause must be reversed for a new trial by reason of the error aforesaid.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.